Evelyn C. ANDERSON, Appellant,

v.

UNITED STATES of America, on Behalf of SMALL BUSINESS ADMINISTRATION, and Internal Revenue Service, Appellees.

In re Evelyn C. ANDERSON, Debtor.

No. IP 93 385 C.

Bankruptcy No. 92–714–RLB–13.

United States District Court,
S.D. Indiana,
Indianapolis Division.

March 1, 1994.

Steven K. Huffer, Mitchell Hurst Jacobs & Dick, Indianapolis, IN, for debtor/appellant.

Sue Hendricks Bailey, Asst. U.S. Atty., Office of the U.S. Atty., Indianapolis, IN, for appellees.

## ORDER ON APPEAL FROM BANKRUPTCY COURT

McKINNEY, District Judge.

The appellant, Evelyn C. Anderson ("Anderson"), has filed an appeal from the Bankruptcy Court. Anderson and the appellees (collectively the "United States"), have filed their briefs, and the issues raised by Anderson's appeal are ready to be resolved. For the reasons discussed below, this Court AFFIRMS the decision of the Bankruptcy Court.

### I. BACKGROUND

On January 24, 1992, Anderson filed a petition for Chapter 13 bankruptcy with the United States Bankruptcy Court for the Southern District of Indiana. On April 9, 1992. Anderson moved to convert her Chapter 13 proceeding to a Chapter 11 proceeding.

On April 23, 1992, the Internal Revenue Service ("IRS") filed a motion asking the Bankruptcy Court to order Anderson to file tax returns for 1987, 1988, 1989, 1990, and 1991, or to furnish to the IRS all records and books relating to those taxable periods. On April 27, 1992, the Bankruptcy Court granted the IRS's motion.

On October 7, 1993, the IRS filed a motion to show cause and for dismissal based on

Anderson's failure to comply with the Bankruptcy Court's order of April 27, 1992, directing Anderson to file tax returns or furnish records and books to the IRS.

## II. THE BANKRUPTCY COURT'S DECISION

On March 2, 1993, the Bankruptcy Court held a hearing on the motion to convert to a Chapter 11 proceeding and the motion to show cause and dismiss. On March 11, 1993, the Bankruptcy Court issued its ruling on the motions. The Bankruptcy Court denied the motion to convert to Chapter 11 and granted the motion to dismiss.

In ruling on the motion to convert from Chapter 13 to Chapter 11, the Bankruptcy Court noted that such a conversion is allowed by 11 U.S.C. § 1307(d), which provides:

Except as provided in subsection (e) of this section, at any time before the confirmation of a plan under § 1325 of this title, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert the case under this chapter to a case under chapter 11 or 12 of this title.

The Bankruptcy Court also noted that § 1307(d)'s legislative history directs that the decision whether to grant a motion for a conversion is left to the discretion of the Bankruptcy Court. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 428 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The Bankruptcy Court ruled that under the circumstances in this case a conversion to Chapter 11 would not be appropriate. The Bankruptcy Court explained its reasoning for denying the conversion. The Bankruptcy Court found that if a conversion was granted Anderson would be susceptible to a dismissal for causing unreasonable delay prejudicial to creditors pursuant to 11 U.S.C. § 1112(b)(3), because Anderson had caused frequent and extended delays over the course of the Chapter 13 proceeding. Additionally, the Bankruptcy Court noted that if Anderson was allowed to convert her bankruptcy to a Chapter 11 proceeding, she could not survive a motion to dismiss pursuant to 11 U.S.C. § 1112(b)(2) for inability to effectuate a plan.

According to the Bankruptcy Court, Anderson had no personal income to fund a plan. Although Anderson had approximately $43,000 in insurance proceeds that she wanted to use to renovate two rental properties, the Bankruptcy Court found that the proceeds were not likely to be available for such a purpose. The Bankruptcy Court also found that in a separate proceeding Anderson had agreed to make adequate protection payments of $3,600 per month, but failed to have sufficient funds to make the payments, and that the Small Business Administration ("SBA") had a claim of approximately $320,000, which Anderson had no apparent ability to pay.

In ruling on the motion to show cause and dismiss for failure to file tax returns or furnish records and books to the IRS, the Bankruptcy Court found that Anderson did not dispute that she had failed to file her tax returns as ordered. Accordingly, the Bankruptcy found that Anderson was subject to the penalty of dismissal.

On May 23, 1993, Anderson filed her notice of appeal in this case. Anderson argues that the Bankruptcy Court erred by not converting her Chapter 13 proceeding to a Chapter 11 proceeding, and erred by dismissing her petition for failure to comply with the Bankruptcy Court's order to file tax returns or furnish the IRS with records and books. On June 30, 1993, Anderson filed her brief in support of her appeal. On July 22, 1993, the United States filed its brief in opposition to Anderson's appeal.[1] On July 28, 1993, Anderson filed her reply brief.

## III. STANDARD OF REVIEW

In reviewing a decision of the Bankruptcy Court, this Court must accept that court's findings of fact unless the findings are clearly erroneous; however, conclusions of law are reviewed *de novo*. *See In re Roberson*, 999 F.2d 1132, 1137 (7th Cir.1993); Bank.R. 8013.

## IV. DISCUSSION

### A. CONVERSION TO CHAPTER 11

■ Anderson argues that the Bankruptcy Court erred by failing to grant her motion

---

**1.** The United States filed an amended brief on     August 30, 1993.

for conversion because the Bankruptcy Court applied an erroneous legal standard, and because the factual bases for the Bankruptcy Court's decision are clearly erroneous.

Anderson argues that so long as a debtor establishes that she is ineligible for Chapter 13 relief, but eligible for Chapter 11 relief, a prima facie case for conversion has been established and the burden shifts to any party that opposes the motion to convert who must then prove both that the debtor has acted in bad faith and that reorganization after conversion is objectively futile. According to Anderson, the Bankruptcy Court failed to apply the proper legal standard because it failed make an inquiry into the issue of subjective bad faith.

The only authority Anderson cites to support her argument that she need only establish that she is not eligible for Chapter 13 relief and that she is technically eligible for Chapter 11 relief in order to establish a prima facie case for conversion, and thereby shift the burden to the parties opposing the conversion, is 5 William I. Norton, Jr., *Bankruptcy Law & Practice* § 125:2 (2d ed. 1990), which provides:

> Conversion from Chapter 13 to Chapter 11 is not automatic, even on the request of the debtor. It has been held that conversion to Chapter 7 is a debtor's right; but conversion from Chapter 13 to Chapter 11 is at the court's discretion and only after notice and hearing. The courts have found that it is appropriate for a Chapter 13 debtor to request conversion [of] the case to one under Chapter 11 when the amount of the secured debt exceeds the limitations for eligibility for Chapter 13 contained in [the Bankruptcy Code]. Similarly on a creditor's motion, conversion from Chapter 13 to Chapter 11 was ordered when the debtor's schedules indicated debt in excess of the [Bankruptcy Code's] eligibility requirements for Chapter 13 relief.

The Court is not persuaded that this language offers a basis to conclude, as Anderson suggests, that all a debtor need do to shift the burden on a debtor's motion to convert a Chapter 13 case is admit that her debt exceeds that allowed by Chapter 13.

In support of her argument that a denial of conversion from Chapter 13 to Chapter 11 must be based on a determination that the debtor had acted in bad faith and that any conversion would be objectively futile, Anderson relies on a portion of the Seventh Circuit's decision in *In re Love*, 957 F.2d 1350, 1356 (7th Cir.1992), in which the court discusses the Fourth Circuit's standard for dismissing a Chapter 11 case articulated in *Carolin Corp. v. Miller*, 886 F.2d 693, 700–01 (4th Cir.1989). This Court finds no support for Anderson's contention that the legal standard for decisions whether to convert a case from Chapter 13 to Chapter 11 pursuant to 11 U.S.C. § 1307(d) is established by the Seventh Circuit's discussion of the Fourth Circuit' standard for dismissing a Chapter 11 case in *Love*.

■ In light of the lack of any specific standard in the text of § 1307(d), there is confusion over the scope of a court's discretion to grant or deny a conversion pursuant to § 1307(d). *See* 5 William I. Norton, Jr., *Bankruptcy Law & Practice* § 125:2 (2d ed. 1990) ("Whether this omission gives a wider discretion to the courts ... has not been determined judicially."). Because there is no explicit limitation on the discretion, this Court adopts the broad approach established by the United States District Court for the District of New Jersey in *In re Funk*, 146 B.R. 118 (D.N.J.1992). In *Funk*, the court suggested that courts consult the following bankruptcy law standards to determine whether a decision to grant or deny a conversion pursuant to § 1307(d) is within the court's discretion:

(1) 11 U.S.C. § 109(g), which bars a debtor from filing a subsequent case under the Bankruptcy Code if the earlier case was dismissed "for willful failure of the debtor to abide by orders of the court or to appear before the court in proper prosecution of the case;"

(2) 11 U.S.C. § 707, which provides in subsection (a) that a Chapter 7 case may be dismissed for a variety of reasons including "unreasonable delay by the debtor that is prejudicial to creditors" and in subsection (b) that a debtor whose debts are primarily consumer debts will have his case dis-

missed if the court "finds that the granting of relief would be a substantial abuse of the provisions of the chapter;"

(3) 11 U.S.C. § 1112(b), which provides a laundry list of reasons why a Chapter 11 case may be dismissed, including the inability to effectuate a plan and debtor's unreasonable and prejudicial delay; and

(4) 11 U.S.C. § 1307(c), which permits dismissal of a Chapter 13 case for much the same reasons as in Chapter 11, including unreasonable and prejudicial delay and failure to timely file a plan.

*Funk*, 146 B.R. at 122. Additionally, the court in *Funk* suggested that the "growing body of law permitting dismissal of cases under either Chapter 11 or Chapter 13 on the basis of a 'bad faith filing,' " should also be considered. *Id.*

■ In the instant case, the Bankruptcy Court denied the motion to convert from Chapter 13 to Chapter 11 because of Anderson's frequent and extended delays over the course of the Chapter 13 proceeding (a basis for dismissal under § 1112(b)(3)) and because Anderson would not be able to resist a motion to dismiss pursuant to 11 U.S.C. § 1112(b)(2) due to her inability to effectuate a Chapter 11 plan. Because this analysis comports with that prescribed in *Funk*, there is no legal error.

■ Anderson argues that the Bankruptcy Court's determination that she caused prejudicial delay is clearly erroneous because the only example of delay-causing behavior cited by the Bankruptcy Court is Anderson's failure to effectuate a Chapter 13 plan. According to Anderson, she cannot be held responsible for failing to effectuate a Chapter 13 plan because she admitted that she could not obtain relief under Chapter 13 and asked that her Chapter 13 bankruptcy be converted to a Chapter 11 proceeding. Also, Anderson argues the Bankruptcy Court's alternative reasoning for denying conversion—Anderson's inability to effectuate a Chapter 11 reorganization plan—cannot support the decision because the factual bases for the Bankruptcy Court's finding are clearly erroneous. According to Anderson, the Court's finding that Anderson has no income, that her $43,000 insurance proceeds may not be available, and

that the SBA has a large claim against Anderson are not supported by the record.

Upon reviewing the record and the Bankruptcy Court's decision, this Court finds that the Bankruptcy Court's determination that Anderson would not be able to survive a motion to dismiss pursuant to 11 U.S.C. § 1112(b)(2) for an inability to effectuate a Chapter 11 plan is not clearly erroneous. As a result, the Bankruptcy Court's decision cannot be reversed, and this Court need not consider whether the Bankruptcy Court's finding that Anderson caused prejudicial delay was clearly erroneous.

## B. FAILURE TO FILE TAX RETURNS OR FURNISH BOOKS & RECORDS

■ Anderson does not argue that her failure to comply with the order is an improper basis for dismissal. Anderson argues that the Bankruptcy Court's determination that Anderson failed to comply with the order directing her to file tax returns or furnish the IRS with records and books is clearly erroneous. According to Anderson, the evidence reveals that the IRS and Anderson were in the process of negotiating whether Anderson could comply with the order by making her records and books available to the IRS at her residence, and because the IRS refused to come to Anderson's residence to pick up the items, Anderson complied with the Bankruptcy Court's order.

The Bankruptcy Court order provides in pertinent part that

within thirty (30) days of the issuance of this Order ... [Anderson must] fil[e] the returns or deposit[ ] the books and records with the District Counsel office, Internal Revenue Service, 513 Minton–Capehart Federal Building, 575 North Pennsylvania Street, P.O. Box 44010, Indianapolis, Indiana 46244.

Bankruptcy Court Order of April 27, 1992. Contrary to Anderson's argument, the order does not allow compliance by merely making the records and books in question available for inspection at Anderson's residence. Anderson had two options—file returns or furnish the books and records to the IRS at its office in Indianapolis. The record indi-

cates Anderson did neither. The Bankruptcy Court's finding is not clearly erroneous.

### V. CONCLUSION

Anderson's appeal has failed to point the Court to an error of law or a finding that is clearly erroneous. Accordingly, the decision of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.